1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEREMY WILLIAMS,

11              Plaintiff,                    No. CIV S-07-0972 GEB KJM P

12        vs.

13   A.J. MALFI, et al.,

14              Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16

17              Plaintiff is a state prison inmate proceeding with a civil rights action under 42

18   U.S.C. § 1983.  He has submitted an affidavit requesting leave to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915(a)(1).  This proceeding was referred to this court by Local Rule

20   72-302 pursuant to 28 U.S.C. § 636(b)(1).

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

1    The in forma pauperis statute permits federal district courts to

2         authorize the commencement, prosecution or
3         defense of any suit, action or proceeding, civil or
      criminal . . . without prepayment of fees or security
4         therefor, by a person who submits an affidavit that
      includes a statement of all assets such prisoner
5         possesses that the person is unable to pay such fees
      or give security therefor. Such affidavit shall state
6         the nature of the action . . . and affiant's belief that
      the person is entitled to redress.

7    28 U.S.C. § 1915(a)(1).  A court may deny leave to proceed in forma pauperis if it appears from

8    the face of the proposed complaint that the action is frivolous.  Minetti v. Port of Seattle, 152

9    F.3d 1113 (9th Cir. 1998).  The Ninth Circuit has held that an action is frivolous if it lacks

10   arguable substance in law and fact.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

11   1984).  The court's determination of whether a complaint or claim is frivolous is based on "'an

12   assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of

13   constitutional dimension, for the asserted wrong, however inartfully pleaded.'"  Franklin, 745

14   F.2d at 1227 (citations omitted).

15        Plaintiff alleges he was placed in the security housing unit (SHU) in 1999 after he

16   was found guilty of an offense that, according to CDCR regulations, should not have been

17   punished with SHU confinement.  In 2006, the CDCR determined that he had been placed in the

18   SHU improperly and restored a portion of the conduct credit he had lost as the result of the

19   placement.

20        In civil rights actions brought in California under 42 U.S.C. § 1983, the federal

21   courts apply the California statute of limitations for personal injury actions which, in 1999, was

22   one year.  Jones, 393 F.3d 918, 927 (9th Cir. 2004).  This statute of limitations is tolled two

23   years when the plaintiff is incarcerated, unless plaintiff is serving a life sentence.  Cal. Civ. Pro.

24   Code § 352.1; Jones, 393 F.3d at 927; Marsh v. San Diego County, 432 F.Supp.2d 1035, 1055-

25   56 (S.D. Cal. 2006).  There is no indication in the complaint or its attachments that plaintiff

26   /////

1   is serving a life term; indeed, one document shows a projected release date of December 29,

2   2007.

3           Plaintiff received official notification that his offense had not justified a SHU

4   term in 2006; nevertheless, a cause of action accrues "when the plaintiff knows or has reason to

5   know of the injury which is the basis for the action." Canatella v. Van De Kamp, 486 F.3d 1128,

6   1133 (9th Cir. 2007) (internal quotation & citation omitted).  In this case, plaintiff was put in the

7   SHU in 1999 and has not alleged that he was deprived of access to 15 Cal. Code Reg.

8   § 3341.5(c)(9)(G), the regulation defining what is and is not an offense punishable by SHU

9   placement.  Because plaintiff's cause of action accrued when he was placed in the SHU in 1999,

10  the statute of limitations expired in 2002 and this action is now barred.

11          IT IS HEREBY RECOMMENDED that this action be dismissed.

12          These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14  days after being served with these findings and recommendations, plaintiff may file written

15  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

16  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

17  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

18  F.2d 1153 (9th Cir. 1991).

19  DATED:   October 29, 2007.

20  _____
    U.S. MAGISTRATE JUDGE

21

22

23

24  2
    will0972.56(5-23)

25

26

3